IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SALISBURY MOTOR COMPANY, INC.,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 1:09-CV-00750<br><br>C O M P L A I N T<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Glenn Bailey who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that defendant Salisbury Motor Company, Inc. ("Defendant"), discriminated against Glenn Bailey by subjecting him to racial harassment that created a racially hostile work environment and to different terms and conditions of employment because of his race, African-American. The Commission further alleges that as a result of the racial harassment and other race-based discrimination, Bailey was forced to resign. The Commission also alleges that Defendant discharged Bailey in retaliation for his complaints about what he reasonably perceived to be a racial harassment and race discrimination.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Salisbury, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Glenn Bailey filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around November 2005 until around June 17, 2008, Defendant engaged in unlawful employment practices at its dealership in Salisbury, North Carolina in violation of

Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Bailey to severe or pervasive racial comments and conduct based on his race, African-American, which created a racially hostile work environment. The racial comments were made by Defendant's President and Dealer Principal, and included name-calling, such as "nigger" and "token" both directly to Bailey and about Bailey to others, including co-workers and customers. During at least the year 2008, Bailey was referred to as "nigger" on an almost daily basis to his co-workers, which was known to Bailey. Additionally Bailey was directly called "nigger," "token" or other racially derogatory names, or heard other African Americans being called "nigger" by Defendant's President and Dealer Principal on average around 3-4 times per year. In addition to the name-calling and racially derogatory comments, Bailey was regularly and repeatedly subjected to unwelcome and harassing race-based conduct, such as being required to perform non-job related menial and demeaning tasks and personal errands (described more fully in paragraph 8 below) for Defendant's President and Dealer Principal. Bailey's white co-workers were not required to perform the same or similar non-job related menial and demeaning tasks and personal errands. Both Defendant's President and Dealer Principal on information and belief, have an ownership interest in Defendant. Moreover, both were in the direct line of supervision of Bailey, and both are Caucasian. The race-based comments and conduct were offensive to Bailey and he did not invite or otherwise welcome them. In fact, Bailey refused to perform some of the menial and demeaning tasks he was asked to perform, as more fully discussed in paragraph 8 below. Bailey also complained to both Defendant's President and Dealer Principal about the racially derogatory name-calling and comments, and asked both to stop calling him racially derogatory names. Bailey complained about the derogatory name-calling to Defendant's President at least twice, including in 2005 and 2008, and to Defendant's

Dealer Principal at least once, including in the spring of 2008. Additionally, Bailey complained to Defendant's President about the race-based conduct (assignment of menial and demeaning tasks) in or around November 2005, various times in 2006, various times in 2007, and various times in 2008. Bailey also complained to Defendant's Dealer Principal about the race-based conduct (assignment of menial and demeaning tasks and/or personal errands) on at least three occasions in March 2007, and at least one occasion in each of the following months: December 2007, January 2008, and June 2008. During each of these complaints, Bailey indicated that he believed the comments and conduct he was being subjected to be based on his race. Despite these complaints, the racially derogatory comments and conduct continued.

8. From around November 2005 until around June 17, 2008, Defendant engaged in unlawful employment practices at Defendant's dealership in Salisbury, North Carolina in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Bailey to different terms and conditions of employment than his white co-workers because of his race, African American. Specifically, Bailey was hired as a car detailer and satisfactorily performed his job duties in that position throughout his employment. In addition to performing his job duties as a car detailer, because of his race Bailey was required to perform various non-job related menial and demeaning tasks and personal errands for both Defendant's Dealer Principal and President. Such tasks and errands included but were not limited to, cleaning the Dealer Principal's chicken coop that contained ten or more dead chickens; being ordered to scrub Defendant's dealership carpet on his hands and knees in front of customers and co-workers; pulling weeds from the lawn at Defendant's dealership; loading and transporting firewood; performing landscaping at his the Dealer Principal's house; running errands to the grocery store, bank, dry cleaners, liquor store, and pharmacy; and packing and moving the

4

Dealer Principal's daughter's personal items and goods, and moving them from North Carolina to South Carolina. Defendant did not require Bailey's white counterparts to perform the same or similar non-job related tasks and errands, and threatened Bailey with discharge if he refused to do the tasks and errands. Additionally, Defendant allowed its white employees to earn extra money by operating Defendant's shuttle service, but denied Bailey's request to do so because of his race. Defendant's requirement that Bailey perform the menial and demeaning tasks and personal errands adversely affected the terms and conditions of Bailey's employment and often interfered with his ability to perform the his legitimate job duties as a car detailer.

9. On or about June 16, 2008, Defendant engaged in unlawful employment practices at its Salisbury, North Carolina facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) when it forced Bailey to resign from his employment. Specifically, on or about June 16, 2008, Defendant's Dealer Principal told Bailey to go to a mall to make a purchase for Dealer Principal's personal garden. Bailey did as instructed and was later confronted by Defendant's General Manager about not performing his detailer duties. Bailey thereafter informed Defendant's Dealer Principal that he was resigning effective approximately two days later because of the race discrimination he was being subjected to. Defendant's Dealer Principal took no action other than sending Bailey back to work. Bailey resigned his employment due to the intolerable racial harassment and adverse terms and conditions of employment that he was subjected to based on his race.

10. On or about June 17, 2008, Defendant engaged in unlawful employment practices at its Salisbury, North Carolina facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when it discharged Glenn Bailey because he opposed employment practices made unlawful by Title VII. As noted in Paragraphs 8 and 9 above, Bailey complained about racial

harassment and adverse terms and conditions of employment he was being subjected to on or about June 16, 2008. The following day, on or about June 17, 2008, Defendant's General Manager confronted Bailey about his complaint of discrimination made to Defendant's Dealer Principal. Bailey restated his complaint that he was being discriminated against because of his race to Defendant's General Manager. In response, Defendant's General Manager fired Bailey effective immediately, and instructed Bailey to leave Defendant's premises. Thus, Defendant discharged Bailey in retaliation for complaining about the race-based discrimination prior to the date that Bailey intended to end his employment due to the racial discrimination.

11. The effect of the unlawful employment practices complained of herein has been to deprive Bailey of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race, African-American.

12. The unlawful employment practices complained of herein were intentional.

13. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Glenn Bailey.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from maintaining a racially hostile work environment or from engaging in any other employment practice that discriminates on the basis of race or creates different terms and conditions of employment on the basis of race, and from retaliating against employees who oppose unlawful discrimination, make a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Glenn Bailey, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described herein, including but not limited to reinstatement and front pay for Bailey.

D. Order Defendant to make whole Glenn Bailey, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, including job search expenses and medical expenses incurred as a result of the loss of employment, in amounts to be determined at trial.

E. Order Defendant to make whole Glenn Bailey by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Glenn Bailey punitive damages for its malicious and reckless conduct described herein, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED, this 30th day of September, 2009.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Washington, DC 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney

TINA BURNSIDE
Supervisory Trial Attorney

/s/ Stephanie M. Jones
STEPHANIE M. JONES (GA Bar #403598)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
(704) 344-6886 (Direct Dial)
(704) 344-6870 (Facsimile)
Stephanie.Jones@EEOC.GOV

ATTORNEYS FOR PLAINTIFF

8